DAVID A. ASTENGO
NEVADA STATE BAR NO. 11045
dastengo@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, CA 94105-4537
Telephone:    415.979.0400
Facsimile:    415.979.2099

PAMELA A. MCKAY
NEVADA STATE BAR NO 7812
pmckay@mckaylawfirmchtd.com
MCKAY LAW FIRM CHTD.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Telephone:    702-835-6956
Facsimile:    702-835-6957
Designated for Nevada Service
(Per L.R. IA 11-1(b)(2))

Attorneys for Defendant
EVEREST NATIONAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GEOTEMPS, INC., <br><br> Plaintiff, <br><br> v. <br><br> EVEREST NATIONAL INSURANCE COMPANY, EVEREST GROUP, LTD. DOES I-X and ROES A-Z, <br><br> Defendants. | Case No. <br><br> **DEFENDANT EVEREST NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

**PLEASE TAKE NOTICE** that defendant Everest National Insurance Company ("Everest National"), by and through its attorney(s) of record, hereby removes to this Court the state action described below:

1

3062 104517 4858-9167-2981 .v1

*Selman Leichenger Edson Hsu Newman & Moore LLP*
*ATTORNEYS AT LAW*

1. On September 28, 2023, a civil action was commenced by plaintiff, Geotemps, Inc. ("Plaintiff"), in the Second Judicial District Court of Nevada, Washoe County, entitled, *Geotemps, Inc. v. Everest Group, Ltd. dba Everest*, Case No. CV23-01724 (the "State Court Action").

2. On November 8, 2023, Plaintiff filed a First Amended Complaint in the State Court Action entitled, *Geotemps, Inc. v. Everest National Insurance Company, Everest Group, Ltd., et al.*

3. Attached as **Exhibit "1"** to Everest National's "Appendix of Exhibits" filed concurrently with this Notice of Removal ("Appendix") is a printout of Second Judicial District Court of Nevada's Register of Actions which depicts, as of the date of this Notice Removal, the file in the State Court Action.

4. Everest National was *not* served with the original Complaint or a summons in the State Court Action.

5. A copy of the file for the State Court Action is attached as **Exhibit "2"** to the Appendix. It includes the Complaint. It also includes the First Amended Complaint and summons served on Everest National as addressed in paragraph 6 herein-below.

6. On November 8, 2023, the Nevada Commissioner of Insurance, Nevada Division of Insurance, was served with the First Amended Complaint and summons in the State Court Action as statutory attorney to accept service of process on behalf of Everest National. Attached as **Exhibit "3"** to the Appendix is the November 13, 2023 letter, together with the enclosures, sent by U.S. mail to Everest National by the Nevada Division of Insurance confirming service on the Nevada Commissioner of Insurance.

7. On November 13, 2023, the Nevada Division of Insurance sent by U.S. mail to Everest National the letter attached as Exhibit "3" to the Appendix and the enclosures consisting of the First Amended Complaint and summons in the State Court Action. Attached as **Exhibit "4"** to the Appendix is a copy of the envelope in which the Nevada Division of Insurance, located at 1818 E. College Pkwy, Carson City, Nevada, mailed Everest National the letter, the First Amended Complaint and summons in the State Court Action and which reflects that it was mailed to Everest National on November 13, 2023.

2

3062 104517 4858-9167-2981 .v1

*Selman Leichenger Edson Hsu Newman & Moore LLP*
ATTORNEYS AT LAW

8. Everest National first received the letter from the Nevada Division of Insurance attached as Exhibit "3" to the Appendix as well as a copy of the First Amended Complaint and summons in the State Court Action by U.S mail from the Nevada Division of Insurance on November 21, 2023.

## JURISDICTION

9. This action is a civil of which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(3) and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b). It is a civil action between citizens of different states and where a citizen of a foreign state is a party and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiff claims damages of more than $450,000, exclusive of interest and costs.[1]

## DIVERSITY OF CITIZENSHIP

10. Plaintiff Geotemps, Inc. is, and was at the time of the filing the State Court Action, a corporation incorporated under the laws of the State of Nevada with its principal place of business located at 970 Caughlin Crossing, Reno, Nevada. Therefore, Plaintiff is a citizen of the state of Nevada for purposes of diversity jurisdiction. (See, **Exhibit "5"** to the Appendix – the "Business Portal" on the Nevada Secretary of State's website, "Entity Information" concerning Geotemps, Inc.; Complaint in the State Court Action, ¶ 1; First Amended Complaint in the State Court Action, ¶ 1.)

11. Defendant, Everest National is, and was at the time of the filing of the State Court Action, a corporation incorporated under the laws of the State of Delaware with its principal place of business located at 100 Everest Way, Warren, New Jersey. Therefore, Everest National is a citizen of the states of Delaware and New Jersey for purposes of diversity jurisdiction. (See, **Exhibit "6"** to the Appendix – "Company Information" concerning "Everest National Insurance

---

[1] As addressed herein-below, although Plaintiff identifies a "citizen" of a foreign state, Everest Group, Ltd., as a defendant in the caption of the First Amended Complaint in the State Court Action, Plaintiff alleges no claim or cause of action against Everest Group, Ltd. In actuality, this is an action between citizens of different states, Plaintiff and Everest National, of which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

Defendant Everest National Ins. Co.'s Notice of Removal

3062 104517 4858-9167-2981 .v1

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Company" on the Nevada Division of Insurance's website ; First Amended Complaint in the State Court Action, ¶ 2.)

12. Although "Everest Group, Ltd." is identified in the caption of the Complaint and First Amended Complaint in the State Court Action, Everest National is informed and believes that "Everest Group, Ltd." was not served with the Complaint or summons in the State Court Action. Everest National is further informed and believes that "Everest Group, Ltd." has not been served with the First Amended Complaint or a summons. The Second Judicial District Court of Nevada's file for the State Court Action does not reflect that "Everest Group, Ltd." was served with the Complaint, or has been served with First Amended Complaint, or a summons concerning the State Court Action. (*See*, Exhibits "1" - "2" to the Appendix.)

13. Everest Group, Ltd., is, and was at the time of filing of the State Court Action, a publicly held Bermuda company with its principal place of business located at Seon Place, 4Th Floor, 141 Front Street, Hamilton HM 19, Bermuda. It has no physical office or location within the United States. Everest Group, Ltd. is a citizen of Bermuda for purposes of diversity jurisdiction. (*See, Lear Corp. v. Johnson Electric Holdings, Ltd.*, 353 F.3d 580, 582-583 (7th Cir. 2003) (concluding that a "limited" entity under Bermuda law "is the equivalent in all legally material respects to a corporation under state law.").)

14. As Everest Group, Ltd. was not served with the Complaint, nor has been served with the First Amended Complaint, or a summons concerning the State Court Action, its joinder to the removal of the action to this Court is not required. (*Destifino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011).)

15. In actuality, the State Court Action concerns claims by Plaintiff *solely* against defendant, Everest National. Plaintiff states no claim and alleges no cause of action against Everest Group, Ltd. *Every* claim and cause of action is asserted *only* as to Everest National. On page 1 of the First Amended Complaint in the State Court Action, Plaintiff states clearly that all of its allegations and causes of action are pled as to Everest National only:

/ / /

4

3062 104517 4858-9167-2981 .v1

### FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff GEOTEMPS, INC. and states the following facts, allegations and causes of action against EVEREST NATIONAL INSURANCE COMPANY ("Everest"):

\* \* \*

Plaintiff alleges it was Everest National that entered into the insurance contract at issue in the action. (First Amended Complaint in the State Court Action, ¶¶ 8-10.) Plaintiff further alleges that it was Everest National that denied and "refused to cover" its alleged loss which is the subject of the action. (*Id.*, at ¶¶ 17-18 and 20.) Plaintiff contends that it was Everest National's "refusal" to cover the "loss" under the insurance policy which "give[es] rise to the following claims for relief" against Everest National. (*Id.*, at ¶ 21.)

Plaintiff's first cause of action for breach of contract is brought solely against Everest National. It is alleged that it was Everest National which breached the insurance policy and "damaged Geotemps." (*Id.*, at ¶ 25-26.) The second cause of action for insurance bad faith is also brought solely against Everest National. Plaintiff contends that it was Everest National which "refused Geotemps' claim for loss," "intentionally misapplied certain coverage exclusions" and that it is Everest National's "bad faith" which "has damaged Geotemps." (*Id.*, at ¶ 32-34.)

The *only* allegation Plaintiff asserts with respect to Everest Group, Ltd., is that, "upon information and belief," Everest National is a "subsidiary" of Everest Group, Ltd. (*Id.*, at ¶ 3.) Thus, despite Plaintiff having identified Everest Group, Ltd., as a defendant in the caption of the First Amended Complaint, this is in fact an action between citizens of different states, Plaintiff and Everest National, of which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

16.    Although "Doe" defendants are identified in the caption of the Complaint and First Amended Complaint in the State Court Action, Everest National is informed and believes that no "Doe" defendant was or has been properly named in the State Court Action. Everest National is further informed and believes that no "Doe" defendant was, or has been served, with the Complaint or First Amended Complaint in the State Court Action. Nothing in the Second Judicial District

5

3062 104517 4858-9167-2981 .v1

Court of Nevada's file for the State Court Action reflects that a "Doe" defendant was or has been properly named or served with the Complaint, First Amended Complaint, or summons. (*See*, Exhibits 1-2 hereto.) The "Doe" defendants are fictitiously named. Therefore, their citizenship need not be considered for purposes of removal. (28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1988).). Fictitiously named defendants need not consent to removal. (*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).)

## THE AMOUNT IN CONTROVERSEY REQUIREMENT IS SATISFIED

17.     In the State Court Action, Plaintiff alleges damages against Everest National of more than $450,000, exclusive of interest and costs.

18.     Plaintiff alleges that Everest National entered into a contract of insurance with Plaintiff, Policy No. 91CR000231-211 (the "Policy"). (First Amended Complaint in the State Court Action, ¶¶ 8-10.) Plaintiff further alleges that on January 25, 2021, it reported a "loss" to Everest National. (*Id.*, at ¶ 11.) Plaintiff contends that the "loss" was caused by Plaintiff's employee, Jessica Carver, "who committed theft from Geotemps by using her position of employment to steal and embezzle hundreds of thousands of dollars from Geotemps." (*Id.*, at ¶ 12.) Plaintiff also contends that in the "commission" of her theft from Plaintiff, Jessica Carver "altered, falsified, and destroyed Geotemps' 941 Tax Forms filed with the Internal Revenue Service ('IRS')" to "conceal her theft from Geotemps." (*Id.*, at ¶¶ 13-14.) It is alleged by Plaintiff that Jessica Carver's "alteration falsification, and destruction of Geotemps' 941 Tax Forms caused a loss to Geotemps in the form of back taxes and penalties owed to the IRS **in excess of $450,000**." (*Id.*, at ¶ 17 (bolded emphasis added).) It is further alleged that Everest National "denied and refused to cover the loss arising out of Carver's alternation, falsification and destruction of Geotemps' accurate 941 Tax forms" and that its refusal to do so is the basis for Plaintiff's claims for relief against Everest National. (*Id.*, at ¶¶ 20-21.)

19.     Plaintiff contends that it has incurred damages "in excess of $450,000" as a result of Everest National's refusal to cover said sum under the Policy. The sum is not alleged to include interest or costs. As all of Plaintiff's claims are alleged only as to Everest National, no other defendant is identified as having damaged Plaintiff. Therefore, Plaintiff has placed in controversy

6

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

3062 104517 4858-9167-2981 .v1

an amount exceeding $75,000, exclusive of interest and costs.

## REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(b)

20.     Everest National's removal of this action is timely under 28 U.S.C. §1441(b).

21.     The State Court Action was commenced by Plaintiff on September 28, 2023 (less than one year from the date of removal).  However, Everest National was *not* served with either the original Complaint or a summons in the State Court Action.

22.     On November 8, 2023, the Nevada Commissioner of Insurance, Nevada Division of Insurance, was served with both the First Amended Complaint and summons in the State Court Action as statutory attorney to accept service of process on behalf of Everest National.

23.     On November 13, 2023, the Nevada Division of Insurance mailed copies of the First Amended Complaint and summons in the State Court Action to Everest National.  (Exhibits "3" and "4" to the Appendix.)  Service of the First Amended Complaint on Everest National was therefore complete on November 13, 2023, under Nevada state law. (N.R.S. 686A.250.)  However, Everest National first received the First Amended Complaint and summons by way of U.S. mail from the Nevada Division of Insurance on November 21, 2023.  (*See, Youren v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 2772105 (D. Nev. June 18, 2014) (insurance company's 30-day removal period commenced upon its receipt of service from the Department of Insurance of the summons and complaint).)

24.     Therefore, removal under 28 U.S.C. §1441(b) is sought within 30 days from the date Everest National was first served with a copy of the First Amended Complaint and summons under Nevada state law and within 30 days from the date Everest National first received a copy of the First Amended Complaint and summons from the Nevada Division of Insurance.

## NOTICE TO PLAINTIFF

25.     Pursuant 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal (and Appendix) will be given by the undersigned to Plaintiff's counsel of record, F. McClure Wallace, Esq., Patrick R. Millsap, Esq., Wallace & Millsap, and a copy of this Notice of Removal (and Appendix) will be filed with the Second Judicial District Court of Nevada, Washoe County.

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

7

3062 104517 4858-9167-2981 .v1

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

## VENUE AND INTRADISTRICT ASSIGNMENT

26.    The State Court Action was filed in the Second Judicial District Court of Nevada, Washoe County.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 108, 1391, 1441(a) and 1446.

## OTHER PREREQSUISITES

27.    Based on a reasonable investigation, it is well grounded in fact and warranted by law that this Removal to Federal Court is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

DATED:  December 13, 2023

SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP

By: _____
DAVID A. ASTENGO
NEVADA STATE BAR 11045
dastengo@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Sixth Floor
San Francisco, Ca 94105-4537
Telephone:        415.979.0400
Facsimile:        415.979.2099
Attorneys for Defendant
EVEREST NATIONAL INSURANCE COMPANY

8

3062 104517 4858-9167-2981 .v1

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of December , 2023, a true and correct copy of DEFENDANT EVEREST NATIONAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, DISTRICT OF NEVADA and CIVIL COVER SHEET was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

_____

SHANNON GAFFEY
An Employee of Selman Leichenger Edson
Hsu Newman Moore LLP

Selman Leichenger Edson
Hsu Newman & Moore LLP
ATTORNEYS AT LAW

Defendant Everest National Ins. Co.'s Notice of Removal

3062 104517 4858-9167-2981 .v1