# EXHIBIT 2 TO APPENDIX OF EXHIBITS

<span style="color:red">****** IMPORTANT NOTICE - READ THIS INFORMATION *****<br>PROOF OF SERVICE OF ELECTRONIC FILING</span>

–

**A filing has been submitted to the court RE:** CV23-01724

**Judge:**

HONORABLE CONNIE J. STEINHEIMER

| | |
|---|---|
| **Official File Stamp:** | 09-28-2023:15:06:16 |
| **Clerk Accepted:** | 09-28-2023:15:12:08 |
| **Court:** | Second Judicial District Court - State of Nevada Civil |
| **Case Title:** | GEOTEMPS INC VS EVEREST GROUP LTD (D4) |
| **Document(s) Submitted:** | ** Summons Issued |
| **Filed By:** | Patrick R. Millsap |

You may review this filing by clicking on the following link to take you to your cases.

This notice was automatically generated by the courts auto-notification system.

–

If service is not required for this document (e.g., Minutes), please disregard the below language.

**The following people were served electronically:**

> F. MCCLURE WALLACE, ESQ. for GEOTEMPS, INC.
>
> PATRICK R. MILLSAP, ESQ. for GEOTEMPS, INC.

**The following people have not been served electronically and must be served by traditional means** (see Nevada Electronic Filing Rules.):

> EVEREST GROUP LTD

FILED
Electronically
CV23-01724
2023-09-28 03:12:27 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9913826

# Return Of NEF

| Recipients | |
|---|---|
| **F. MCCLURE WALLACE, ESQ.** | - Notification received on 2023-09-28 15:12:26.032. |
| **PATRICK MILLSAP, ESQ.** | - Notification received on 2023-09-28 15:12:26.329. |

4085

# IN THE SECOND JUDICIAL DISTRICT COURT – STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

| GEOTEMPS, INC. | Case No.: | CV23-01724 |
|---|---|---|
| Plaintiff, | Dept. No.: | 4 |
| vs. | | **SUMMONS** |
| EVEREST GROUP, LTD. dba EVEREST, | | |
| Defendant. | | |

**TO THE DEFENDANT: EVEREST GROUP, LTD. YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS.  READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint has been filed by the Plaintiff against you for the relief as set forth in that document (see Complaint or Petition).

1.  If you intend to defend this lawsuit, you must do the following within 21 days after service of this summons, exclusive of the date of service:

    a.    File with the Clerk of Court, whose address is shown below, a formal written answer to the complaint, along with the appropriate filing fees, in accordance with the rules of the Court, and,

    b.    Serve a copy of your answer upon the attorney or plaintiff whose name and address is shown below.

2.  Unless you respond, a default will be entered upon application of the plaintiff, and the Court may enter a judgment against you for the relief demanded in the complaint.  When service is by publication, add a brief statement of the object of the action.  See Rules of Civil Procedures, Rule 4,(b). _____

_____

_____

DATED this __28__ day of __SEPTEMBER__, 2023.

| Issued on behalf of Plaintiff: | CLERK OF THE COURT |
|---|---|
| F. McClure Wallace, Esq. | By: /s/ C. SULEZICH |
| Wallace & Millsap, LLC | Deputy Clerk |
| 510 W. Plumb Lane, Suite A | Second Judicial District Court |
| Reno, Nevada 89509 | 75 Court Street |
| (775) 683-9599 | Reno, Nevada 89501 |
| mcclure@wallacemillsap.com | |

F I L E D
Electronically
CV23-01724
2023-09-28 02:50:38 PM
Alicia L. Lerud
Clerk of the Court
Transaction # 9913674 : csulezic

**$1425**
F. McClure Wallace
Nevada Bar No.: 10264
Patrick R. Millsap
Nevada Bar No.: 12043
Wallace & Millsap
510 W Plumb Ln., Ste. A
Reno, Nevada 89509
(775) 683-9599
mcclure@wallacemillsap.com
patrick@wallacemillsap.com
*Attorneys for GEOTEMPS, INC.*

## IN THE SECOND JUDICIAL DISTRICT COURT – STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

| | |
|---|---|
| GEOTEMPS, INC. | Case No.: |
| Plaintiff, | Dept. No.: |
| vs. | |
| EVEREST GROUP, LTD. dba EVEREST, | |
| Defendant. | |

## COMPLAINT

COMES NOW, Plaintiff GEOTEMPS, INC. and states the following facts, allegations, and causes of action against EVEREST GROUP, LTD. ("EVEREST"):

## NRCP 8(a)(1) Statement of Jurisdiction, Parties, & Venue

1. Geotemps, Inc. ("Geotemps") is a Nevada corporation.

2. Everest Group, LTD ("Everest Group") is a foreign entity with its Corporate Headquarters located in the State of New Jersey.

3. Everest Group sells insurance policies within the State of Nevada, to Nevada business entities, including Geotemps.

510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599
Wallace & Millsap

4. Everest Group provides insurance coverage within the State of Nevada, to Nevada business entities, including Geotemps.

5. Jurisdictionally, the Nevada Constitution confers both original and appellate subject matter jurisdiction upon the district courts. The Constitution provides district courts do not have original jurisdiction over actions within the original jurisdiction of the justices' courts. *Morrison v. Beach City LLC*, 116 Nev. 34, 37, 991 P.2d 982, 983 (2000) *citing* Nev. Const. art. 6, § 6. Thus, the "District Courts in the several Judicial Districts of this State have original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts." Nev. Const. art. 6, § 6(1). Since the Justice Courts lack original jurisdiction of this matter under the provisions of NRS 4.370, the District Court has original subject matter jurisdiction to hear and determine this justiciable controversy.

6. Venue is proper in the Second Judicial District Court of the State of Nevada, In and For the County of Washoe, under NRS 13.010, because Everest Group contracted with Geotemps in Washoe County, Nevada to provide insurance coverage for real and personal property located in Washoe County, Nevada.

## NRCP 8(a)(2) SHORT AND PLAIN STATEMENT OF FACTS SHOWING ENTITLEMENT TO RELIEF

7. Everest Group entered into a contract of insurance with Geotemps to provide commercial insurance coverage to Geotemps in the State of Nevada as defined in the applicable policy.

8. Everest Group's applicable contract of insurance with Geotemps is referred to as Policy Number 91CR000231-211 (the "Policy").

9. The Policy was effective from April 1, 2021 – April 1, 2022.

10. On June 25, 2021, Geotemps reported a loss to Everest Group covered under the terms of the Policy.

*Wallace & Millsap*
510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599

11. Specifically, Geotemps' loss was caused by an employee identified as Jessica Carver who committed theft from Geotemps by using her position of employment to steal and embezzle hundreds of thousands of dollars from Geotemps.

12. In the commission of Carver's theft, she altered, falsified, and effectively destroyed Geotemps' 941 Tax Forms filed with the Internal Revenue Service ("IRS").

13. In other words, Carver altered, falsified, and destroyed Geotemps' 941 Tax Forms in order to conceal her theft of monies from Geotemps.

14. Generally, employers use a 941 Tax Form to report income taxes, Social Security tax, or Medicare tax withheld from employee's paychecks and, most importantly, to pay the employer's portion of Social Security or Medicare tax.

15. Carver's falsification, alteration and destruction of Geotemps' 941 Tax Forms caused Geotemps to misreport certain quarterly income and tax withholdings to the IRS.

16. Geotemps' misreported quarterly income and tax withholding arising from Carver's alteration, falsification and destruction of Geotemps' 941 Tax Forms caused a loss to Geotemps in the form of back taxes and penalties owed to the IRS in excess of $450,000.

17. Therefore, Geotemps submitted an insurance claim to Everest Group to cover the loss resulting from Carver's theft of monies from Geotemps and her alteration, falsification, and destruction of Geotemps personal property in the form of 941 Tax Forms.

18. Everest Group covered the loss with respect to the monies Carver stole.

19. However, Everest Group denied and refused to cover the loss arising out of Carver's alteration, falsification and destruction of Geotemps' accurate 941 Tax Forms.

20. Everest Group's refusal to cover the portion of the loss arising out of Carver's alternation and falsification of Geotemps' 941 Tax Forms is in breach of the Policy, giving rise to the following claims for relief against Everest.

*Wallace & Millsap*
510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599

## FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

21. Geotemps incorporates and realleges Paragraphs 1-20 in this Cause of Action.

22. Geotemps entered into a valid and existing contract of insurance with Everest Group, the terms of which are set out in the Policy.

23. Geotemps complied with all material provisions and obligations it owed under the applicable insurance contract.

24. Everest Group breached the applicable insurance contract by refusing to provide coverage for the loss to Geotemps caused by Carver's alteration, falsification and destruction of Geotemps' 941 Tax Forms.

25. Everest Group's breach of the insurance contract damaged Geotemps in a monetary amount in excess of $15,000.

## SECOND CAUSE OF ACTION

### (INSURANCE BAD FAITH)

26. Geotemps incorporates and realleges Paragraphs 1-25 in this Cause of Action.

27. Nevada law recognizes the existence of an implied covenant of good faith and fair dealing in every contract, including contracts for insurance.

28. An insurer fails to act in good faith when it refuses without proper cause to compensate the insured for a loss covered by the policy.

29. Such conduct gives rise to a breach of the covenant of good faith and fair dealing applicable to the insurance contract.

30. In other words, an insurer's refusal to cover a loss under the insurance policy without proper cause constitutes bad faith.

Wallace & Millsap
510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599

31. In this case, Everest Group refused Geotemps' claim for loss resulting from Carver's falsification, alteration and destruction of Geotemps' 941 Tax Forms without proper cause.

32. Everest Group's refusal to cover the loss arising out of the falsified 941 Tax Forms was without proper cause because Everest Group has intentionally misapplied certain coverage exclusions to deny coverage when the plain language of the policy affords coverage for the loss. In other words, Everest Group is disregarding the plain language of the policy in favor of inapplicable and ambiguous exclusions in order to deny coverage for the loss rather than adopting an interpretation of the policy affording the greatest possible coverage to the insured in direct violation of Nevada law.

33. Everest Group's bad faith has damaged Geotemps in a monetary amount in excess of $15,000.

### NRCP 8(a)(3) DEMAND FOR RELIEF

Geotemps, Inc. respectfully requests the following relief from the Court:

a)  Monetary damages in excess of $15,000;

b)  Punitive damages against Everest Group, Ltd. arising out of its denial of insurance coverage in bad faith.

c)  Attorney's fees as allowed by statute, rule of procedure, common law, equity, or the inherent powers of the Court;

d)  Costs of suit as allowed by statute, rule of procedure, common law, equity, or the inherent powers of the Court; and

e)  Any other relief this Court deems appropriate.

///

///

///

///

Page 5 of 6

## AFFIRMATION

The undersigned affirms this document does not contain the social security number or legally private information of any person.

Dated this 28th day of September 2023

By: /s/ *Patrick R. Millsap*                .
F. McClure Wallace
Nevada Bar No.: 10264
Patrick R. Millsap
Nevada Bar No.: 12043
Wallace & Millsap
510 W Plumb Ln., Ste. A
Reno, Nevada 89509
(775) 683-9599
*Attorneys for the Geotemps, Inc.*

*Wallace & Millsap*
510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599

4085

RECEIVED
NOV 08 2023
DIVISION OF INSURANCE
STATE OF NEVADA

## IN THE SECOND JUDICIAL DISTRICT COURT – STATE OF NEVADA

### IN AND FOR THE COUNTY OF WASHOE

GEOTEMPS, INC.

Plaintiff,

vs.

EVEREST NATIONAL INSURANCE COMPANY; EVEREST GROUP, Ltd; DOES I-X; and ROES A-Z

Defendant.

Case No.: CV23-01724

Dept. No.: 4.

## SUMMONS

**TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint has been filed by the Plaintiff against you for the relief as set forth in that document (see Complaint or Petition).

1. If you intend to defend this lawsuit, you must do the following within 21 days after service of this summons, exclusive of the date of service:
   a.    File with the Clerk of Court, whose address is shown below, a formal written answer to the complaint, along with the appropriate filing fees, in accordance with the rules of the Court, and,
   b.    Serve a copy of your answer upon the attorney or plaintiff whose name and address is shown below.
2. Unless you respond, a default will be entered upon application of the plaintiff, and the Court may enter a judgment against you for the relief demanded in the complaint. When service is by publication, add a brief statement of the object of the action. See Rules of Civil Procedures, Rule 4,(b). _____

DATED this 4th day of ___OCTOBER___, 2023.

Issued on behalf of Plaintiff:

F. McClure Wallace, Esq.
Wallace & Millsap, LLC
510 W. Plumb Lane, Suite A
Reno, Nevada 89509
(775) 683-9599
mcclure@wallacemillsap.com

CLERK OF THE COURT

By: /s/ C. SULEZICH
     Deputy Clerk
Second Judicial District Court
75 Court Street
Reno, Nevada 89501

***** IMPORTANT NOTICE - READ THIS INFORMATION *****
PROOF OF SERVICE OF ELECTRONIC FILING

–

A filing has been submitted to the court RE:  CV23-01724

Judge:

HONORABLE CONNIE J. STEINHEIMER

| | |
|---|---|
| Official File Stamp: | 10-04-2023:11:56:48 |
| Clerk Accepted: | 10-04-2023:11:59:06 |
| Court: | Second Judicial District Court - State of Nevada Civil |
| Case Title: | GEOTEMPS INC VS EVEREST GROUP LTD (D4) |
| Document(s) Submitted: | ** Summons Issued |
| Filed By: | Patrick R. Millsap |

You may review this filing by clicking on the following link to take you to your cases.

This notice was automatically generated by the courts auto-notification system.

–

If service is not required for this document (e.g., Minutes), please disregard the below language.

The following people were served electronically:

> F. MCCLURE WALLACE, ESQ. for GEOTEMPS, INC.
>
> PATRICK R. MILLSAP, ESQ. for GEOTEMPS, INC.

The following people have not been served electronically and must be served by traditional means (see Nevada Electronic Filing Rules.):

> EVEREST GROUP LTD
>
> EVEREST NATIONAL INSURANCE CO.

FILED
Electronically
CV23-01724
2023-10-04 11:59:23 AM
Alicia L. Lerud
Clerk of the Court
Transaction #9923144

# Return Of NEF

| Recipients | |
|---|---|
| F. MCCLURE WALLACE, ESQ. | - Notification received on 2023-10-04 11:59:21.118. |
| PATRICK MILLSAP, ESQ. | - Notification received on 2023-10-04 11:59:21.774. |

FILED
Electronically
CV23-01724
2023-10-04 08:32:45 AM
Alicia L. Lerud
Clerk of the Court
Transaction # 9922257 : csulezic

1090
F. McClure Wallace
Nevada Bar No.: 10264
Patrick R. Millsap
Nevada Bar No.: 12043
Wallace & Millsap
510 W Plumb Ln., Ste. A
Reno, Nevada 89509
(775) 683-9599
mcclure@wallacemillsap.com
patrick@wallacemillsap.com
*Attorneys for GEOTEMPS, INC.*

RECEIVED
NOV 0 8 2023
DIVISION OF INSURANCE
STATE OF NEVADA

## IN THE SECOND JUDICIAL DISTRICT COURT – STATE OF NEVADA

## IN AND FOR THE COUNTY OF WASHOE

GEOTEMPS, INC.

Plaintiff,

vs.

EVEREST NATIONAL INSURANCE
COMPANY; EVEREST GROUP, Ltd;
DOES I-X; and ROES A-Z

Defendants.

Case No.:    CV23-01724

Dept. No.:    4

## FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff GEOTEMPS, INC. and states the following facts, allegations, and causes of action against EVEREST NATIONAL INSURANCE COMPANY ("Everest"):

### NRCP 8(a)(1) STATEMENT OF JURISDICTION, PARTIES, & VENUE

1. Geotemps, Inc. ("Geotemps") is a Nevada corporation.

2. Everest is a foreign entity with its Corporate Headquarters located in the State of New Jersey.

3. Upon information and belief, Everest is a subsidiary of Everest Group, Ltd.

Page 1 of 6

4. Everest sells insurance policies within the State of Nevada, to Nevada business entities, including Geotemps.

5. Everest provides insurance coverage within the State of Nevada, to Nevada business entities, including Geotemps.

6. Jurisdictionally, the Nevada Constitution confers both original and appellate subject matter jurisdiction upon the district courts. The Constitution provides district courts do not have original jurisdiction over actions within the original jurisdiction of the justices' courts. *Morrison v. Beach City LLC*, 116 Nev. 34, 37, 991 P.2d 982, 983 (2000) *citing* Nev. Const. art. 6, § 6. Thus, the "District Courts in the several Judicial Districts of this State have original jurisdiction in all cases excluded by law from the original jurisdiction of justices' courts." Nev. Const. art. 6, § 6(1). Since the Justice Courts lack original jurisdiction of this matter under the provisions of NRS 4.370, the District Court has original subject matter jurisdiction to hear and determine this justiciable controversy.

7. Venue is proper in the Second Judicial District Court of the State of Nevada, In and For the County of Washoe, under NRS 13.010, because Everest contracted with Geotemps in Washoe County, Nevada to provide insurance coverage for real and personal property located in Washoe County, Nevada.

## NRCP 8(a)(2) SHORT AND PLAIN STATEMENT OF FACTS SHOWING
## ENTITLEMENT TO RELIEF

8. Everest entered into a contract of insurance with Geotemps to provide commercial insurance coverage to Geotemps in the State of Nevada as defined in the applicable policy.

9. Everest applicable contract of insurance with Geotemps is referred to as Policy Number 91CR000231-211 (the "Policy").

10. The Policy was effective from April 1, 2021 – April 1, 2022.

*Wallace & Millsap*
510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599

11. On June 25, 2021, Geotemps reported a loss to Everest covered under the terms of the Policy.

12. Specifically, Geotemps' loss was caused by an employee identified as Jessica Carver who committed theft from Geotemps by using her position of employment to steal and embezzle hundreds of thousands of dollars from Geotemps.

13. In the commission of Carver's theft, she altered, falsified, and effectively destroyed Geotemps' 941 Tax Forms filed with the Internal Revenue Service ("IRS").

14. In other words, Carver altered, falsified, and destroyed Geotemps' 941 Tax Forms in order to conceal her theft of monies from Geotemps.

15. Generally, employers use a 941 Tax Form to report income taxes, Social Security tax, or Medicare tax withheld from employee's paychecks and, most importantly, to pay the employer's portion of Social Security or Medicare tax.

16. Carver's falsification, alteration and destruction of Geotemps' 941 Tax Forms caused Geotemps to misreport certain quarterly income and tax withholdings to the IRS.

17. Geotemps' misreported quarterly income and tax withholding arising from Carver's alteration, falsification and destruction of Geotemps' 941 Tax Forms caused a loss to Geotemps in the form of back taxes and penalties owed to the IRS in excess of $450,000.

18. Therefore, Geotemps submitted an insurance claim to Everest to cover the loss resulting from Carver's theft of monies from Geotemps and her alteration, falsification, and destruction of Geotemps personal property in the form of 941 Tax Forms.

19. Everest covered the loss with respect to the monies Carver stole.

20. However, Everest denied and refused to cover the loss arising out of Carver's alteration, falsification and destruction of Geotemps' accurate 941 Tax Forms.

Wallace & Millsap
510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599

21. Everest's refusal to cover the portion of the loss arising out of Carver's alternation and falsification of Geotemps' 941 Tax Forms is in breach of the Policy, giving rise to the following claims for relief against Everest.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

22. Geotemps incorporates and realleges Paragraphs 1-21 in this Cause of Action.

23. Geotemps entered into a valid and existing contract of insurance with Everest, the terms of which are set out in the Policy.

24. Geotemps complied with all material provisions and obligations it owed under the applicable insurance contract with Everest.

25. Everest breached the applicable insurance contract by refusing to provide coverage for the loss to Geotemps caused by Carver's alteration, falsification and destruction of Geotemps' 941 Tax Forms.

26. Everest's breach of the insurance contract damaged Geotemps in a monetary amount in excess of $15,000.

## SECOND CAUSE OF ACTION
### (BREACH OF THE CONTRACTUALLY IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING – INSURANCE BAD FAITH)

27. Geotemps incorporates and realleges Paragraphs 1-26 in this Cause of Action.

28. Nevada law recognizes the existence of an implied covenant of good faith and fair dealing in every contract, including contracts for insurance.

29. An insurer fails to act in good faith when it refuses without proper cause to compensate the insured for a loss covered by the policy.

Page 4 of 6

Wallace & Millsap
510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599

30. Such conduct gives rise to a breach of the covenant of good faith and fair dealing applicable to the insurance contract.

31. In other words, an insurer's refusal to cover a loss under the insurance policy without proper cause constitutes bad faith.

32. In this case, Everest refused Geotemps' claim for loss resulting from Carver's falsification, alteration and destruction of Geotemps' 941 Tax Forms without proper cause.

33. Everest refusal to cover the loss arising out of the falsified 941 Tax Forms was without proper cause because Everest has intentionally misapplied certain coverage exclusions to deny coverage when the plain language of the policy affords coverage for the loss. In other words, Everest is disregarding the plain language of the policy in favor of inapplicable and ambiguous exclusions in order to deny coverage for the loss rather than adopting an interpretation of the policy affording the greatest possible coverage to the insured in direct violation of Nevada law.

34. Everest's bad faith has damaged Geotemps in a monetary amount in excess of $15,000.

## NRCP 8(a)(3) DEMAND FOR RELIEF

Geotemps, Inc. respectfully requests the following relief from the Court:

a)   Monetary damages in excess of $15,000;

b)   Punitive damages against Everest arising out of its denial of insurance coverage in bad faith.

c)   Attorney's fees as allowed by statute, rule of procedure, common law, equity, or the inherent powers of the Court;

d)   Costs of suit as allowed by statute, rule of procedure, common law, equity, or the inherent powers of the Court; and

e)   Any other relief this Court deems appropriate.

/ / /

Page 5 of 6

510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599
Wallace & Millsap

## AFFIRMATION

The undersigned affirms this document does not contain the social security number or legally private information of any person.

Dated this 4th day of October 2023

By: /s/ *Patrick R. Millsap*     .
F. McClure Wallace
Nevada Bar No.: 10264
Patrick R. Millsap
Nevada Bar No.: 12043
Wallace & Millsap
510 W Plumb Ln., Ste. A
Reno, Nevada 89509
(775) 683-9599
*Attorneys for the Geotemps, Inc.*

*Wallace & Millsap*
510 W. Plumb Lane, Suite A, Reno, NV 89509
(775) 683-9599