DAVID A. ASTENGO
NEVADA STATE BAR NO. 11045
dastengo@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, CA 94105-4537
Telephone:   415.979.0400

PAMELA A. MCKAY
NEVADA STATE BAR NO. 7812
pmckay@mckaylawfirmchtd.com
MCKAY LAW FIRM CHTD.
8440 West Lake Mead Blvd., Suite 112
Las Vegas, NV 89128
Telephone:   702-835-6956
Facsimile:    702-835-6957
Designated for Nevada Service
(Per L.R. IA 11-1(b)(2))

Attorneys for Defendant,
EVEREST NATIONAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GEOTEMPS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>EVEREST NATIONAL INSURANCE COMPANY; EVEREST GROUP, LTD.; DOES I-X; and ROES A-Z,<br><br>    Defendants. | Case No. 3:23-cv-00640-LRH-CSD<br><br>**ANSWER OF DEFENDANT EVEREST NATIONAL INSURANCE COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendant EVEREST NATIONAL INSURANCE COMPANY (hereinafter "Everest National" or "Defendant") by and through its counsel, answers the First Amended Complaint (the "Amended Complaint") of plaintiff, GEOTEMPS, INC. (hereinafter "Plaintiff"), as follows:

1.   Answering paragraph 1 of the Amended Complaint, Everest National admits that Plaintiff is a corporation incorporated in the State of Nevada.

2. Answering paragraph 2 of the Amended Complaint, Everest National admits that it is a Delaware corporation with its principal place of business in New Jersey.

3. Answering paragraph 3 of the Amended Complaint, Everest National admits that it is a member of Everest Group, Ltd., a publicly held Bermuda company. Everest National denies that it is a subsidiary of Everest Group, Ltd.

4. Answering paragraph 4 of the Amended Complaint, Everest National admits that it is an insurance company authorized to conduct business in the State of Nevada. Everest National further admits that it issued insurance policy number 91CR000231211 to Geotemps, Inc. (the "Policy").

5. Answering paragraph 5 of the Amended Complaint, Everest National admits that it is an insurance company authorized to conduct business in the State of Nevada. Everest National further admits that it issued the Policy to Geotemps, Inc.

6. Answering paragraph 6 of the Amended Complaint, Everest National admits that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441. Everest National lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 6, and based thereon denies the allegations.

7. Answering paragraph 7 of the Amended Complaint, Everest National admits that venue lies in this Court's jurisdiction. Everest National further admits that it issued the Policy to Geotemps, Inc., and that the Policy affords commercial crime coverage pursuant to the terms and conditions of the Policy.

**RESPONSE TO SHORT PLAIN STATEMENT OF FACTS**

8. Answering paragraph 8 of the Amended Complaint, Everest National admits that it issued the Policy to Geotemps, Inc., and that the Policy affords commercial crime coverage pursuant to the terms and conditions of the Policy.

9. Answering paragraph 9 of the Amended Complaint, Everest National admits that it issued the Policy to Geotemps, Inc.

10. Answering paragraph 10 of the Amended Complaint, Everest National admits that the Policy was in effect from April 1, 2021, to April 1, 2022.

11. Answering paragraph 11 of the Amended Complaint, Everest National admits that it received a "Property Loss Notice" from L/P Insurance Services, LLC, on behalf of Plaintiff. Everest National further admits that the loss was reported to concern "theft." Everest National further admits that on March 30, 2022, it informed Plaintiff that coverage under the Policy was afforded for monies stolen by Jessica Carver from Plaintiff in the amount of $627,202.54. Everest National denies that any loss reported by Plaintiff concerning back taxes, tax penalties, interest on taxes and penalties and/or Barnard Vogler account services are covered under the Policy. Everest National denies each and every remaining allegation in paragraph 11.

12. Answering paragraph 12 of the Amended Complaint, Everest National admits that a loss claimed by Plaintiff was submitted to Everest National which Plaintiff informed Everest National concerned an employee, Jessica Carver's, theft of monies from Plaintiff in the amount of $627,202.54.

13. Answering paragraph 13 of the Amended Complaint, Everest National admits that Plaintiff informed Everest National that Jessica Carver falsified tax returns to the IRS but Everest National lacks knowledge or information sufficient to admit or deny the allegation, and based thereon denies the allegation. Everest National further admits that Plaintiff informed Everest National that Jessica Carver submitted payment(s) to the IRS on behalf of Plaintiff for a sum less than owed. Everest National further admits that Plaintiff informed Everest National that Jessica Carver failed to file certain tax forms on Plaintiff's behalf to the IRS. Everest National further admits that Plaintiff informed Everest National that Jessica Carver's acts or omissions were in furtherance of her theft of monies from Plaintiff but Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegation, and based thereon denies the allegation. As to the remaining allegations in paragraph 13, Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegations, and based thereon denies each and every allegation.

14. Answering paragraph 14 of the Amended Complaint, Everest National admits that Plaintiff informed Everest National that Jessica Carver falsified tax returns to the IRS but Everest National lacks knowledge or information sufficient to admit or deny the allegation, and based

thereon denies the allegation. Everest National further admits that Plaintiff informed Everest National that Jessica Carver's acts or omissions were in furtherance of her theft of monies from Plaintiff but Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegation, and based thereon denies the allegation. As to the remaining allegations in paragraph 14, Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegations, and based thereon denies each and every allegation.

15. Answering paragraph 15 of the Amended Complaint, Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegations contained therein, and based thereon denies the allegations.

16. Answering paragraph 16 of the Amended Complaint, Everest National admits that Plaintiff informed Everest National that Jessica Carver falsified tax returns to the IRS but Everest National lacks knowledge or information sufficient to admit or deny the allegation, and based thereon denies the allegation. Everest National further admits that Plaintiff informed Everest National that Jessica Carver's acts or omissions caused Plaintiff to misreport income and withholdings to the IRS. As to the remaining allegations in paragraph 16, Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegations, and based thereon denies each and every allegation.

17. Answering paragraph 17 of the Amended Complaint, Everest National admits that Plaintiff informed Everest National that Jessica Carver falsified tax returns to the IRS but Everest National lacks knowledge or information sufficient to admit or deny the allegation, and based thereon denies the allegation. Everest National further admits that Plaintiff informed Everest National that Jessica Carver submitted payment(s) to the IRS on behalf of Plaintiff for a sum less than owed and failed to file certain tax forms on Plaintiff's behalf to the IRS. Everest National further admits that Plaintiff informed Everest National that Jessica Carver's acts or omissions caused a loss to Plaintiff in back taxes and penalties to the IRS in a sum exceeding $450,000. As to the remaining allegations in paragraph 17, Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegations, and based thereon denies each and every allegation.

18. Answering paragraph 18 of the Amended Complaint, Everest National admits that Plaintiff submitted a claim through L/P Insurance Services to Everest National which Plaintiff stated concerned approximately $635,00 stolen by Jessica Carver. Everest National further admits that Plaintiff submitted a loss which Plaintiff informed Everest National concerned Jessica Carver's submission of payment to the IRS on Plaintiff's behalf for a sum less than owed and her failing to file tax forms on Plaintiff's behalf to the IRS. Everest National admits that Plaintiff informed Everest National that Jessica Carver falsified tax returns to the IRS but Everest National lacks knowledge or information sufficient to admit or deny the allegation, and based thereon denies the allegation. Everest National lacks sufficient information or knowledge to admit or deny that Jessica Carver altered or destroyed Plaintiff's tax forms, and based thereon denies the allegation. As to the remaining allegations in paragraph 18, Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegations, and based thereon denies each and every allegation.

19. Answering paragraph 19 of the Amended Complaint, Everest National admits that on March 30, 2022, it informed Plaintiff that coverage under the Policy was only afforded for the monies stolen by Jessica Carver from Plaintiff in the amount of $627,202.54.

20. Answering paragraph 20 of the Amended Complaint, Everest National admits that Plaintiff informed Everest National that Jessica Carver falsified tax returns to the IRS but Everest National lacks knowledge or information sufficient to admit or deny the allegation, and based thereon denies the allegation. Everest National further admits that Plaintiff submitted a loss which Plaintiff informed Everest National concerned Jessica Carver's submission of payment(s) to the IRS on Plaintiff's behalf for a sum less than owed and her failing to file certain tax forms on Plaintiff's behalf to the IRS. Everest National further admits that on March 30, 2022, it informed Plaintiff that the only coverage provided under the Policy was for monies stolen by Jessica Carver from Plaintiff in the amount of $627,202.54. As to the remaining allegations in paragraph 20, Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegations, and based thereon denies each and every allegation.

21. Answering paragraph 21 of the Amended Complaint, Everest National denies each and every allegation.

**RESPONSE TO FIRST CAUSE OF ACTION**

22. Answering paragraph 22 of the Amended Complaint, Everest National repeats and re-alleges each and every answer set forth in paragraphs 1 - 21 as though fully set forth herein

23. Answering paragraph 23 of the Amended Complaint, Everest National admits that it issued the Policy to Geotemps, Inc. Everest National further admits that the terms of the Policy are set forth in the Policy.

24. Answering paragraph 24 of the Amended Complaint, Everest National lacks knowledge or information sufficient to admit or deny the truth of the allegations contained therein, and based thereon denies the allegations.

25. Answering paragraph 25 of the Amended Complaint, Everest National denies each and every allegation.

26. Answering paragraph 26 of the Amended Complaint, Everest National denies each and every allegation but notes that Plaintiff seeks damages in excess of this Court's jurisdiction minimum.

**RESPONSE TO SECOND CAUSE OF ACTION**

27. Answering paragraph 27 of the Amended Complaint, Everest National repeats and re-alleges each and every answer set forth in paragraphs 1 - 26 as though fully set forth herein

28. Answering paragraph 28 of the Complaint, the paragraph sets forth a statement of law to which no response is required. To the extent a response is required, Everest National denies that it breached any applicable implied covenant of good faith and fair dealing.

29. Answering paragraph 29 of the Amended Complaint, the paragraph sets forth a conclusion of law concerning only "an insurer" to which no response is required. To the extent a response is required, Everest National denies that it breached any applicable implied covenant of good faith and fair dealing.

30. Answering paragraph 30 of the Amended Complaint, the paragraph sets forth a conclusion of law to which no response is required. To the extent a response is required, Everest

National denies that it breached any applicable implied covenant of good faith and fair dealing.

31. Answering paragraph 31 of the Amended Complaint, the paragraph sets forth a conclusion of law concerning only "an insurer" to which no response is required. To the extent a response is required, Everest National denies that it breached any applicable implied covenant of good faith and fair dealing.

32. Answering paragraph 32 of the Amended Complaint, Everest National admits that Plaintiff informed Everest National that Jessica Carver falsified tax returns to the IRS but Everest National lacks knowledge or information sufficient to admit or deny the allegation, and based thereon denies the allegation. Everest National further admits that Plaintiff submitted a loss which Plaintiff informed Everest National concerned Jessica Carver's submission of payment(s) to the IRS on Plaintiff's behalf for a sum less than owed and her failing to file certain tax forms on Plaintiff's behalf to the IRS. Everest National further admits that on March 30, 2022, it informed Plaintiff that the only coverage provided under the Policy was for monies stolen by Jessica Carver from Plaintiff in the amount of $627,202.54. Everest National denies each and every remaining allegation in paragraph 32.

33. Answering paragraph 33 of the Amended Complaint, Everest National denies each and every allegation.

34. Answering paragraph 34 of the Amended Complaint, Everest National denies each and every allegation.

## RESPONSE TO DEMAND FOR RELIEF

As to Plaintiff's "Demand For Relief," Everest National denies that Plaintiff is entitled to any monetary damages and/or other relief sought.

## AFFIRMATIVE DEFENSES

As for separate affirmative defenses, Everest National alleges the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the Amended Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Everest National.

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

## SECOND AFFIRMATIVE DEFENSE

The Policy provides, in part, as follows:

> **A. Insuring Agreements**
>
> Coverage is provided under the following Insuring Agreements for which a Limit Of Insurance is shown in the Declarations and applies to loss that you sustain resulting directly from an "occurrence" taking place at any time which is "discovered" by you during the Policy Period shown in the Declarations or during the period of time provided in the Extended Period To Discover Loss Condition E.**1.g.:**
>
> **1. Employee Theft**
>
> We will pay for loss or damage to "money", "securities" and "other property" resulting directly from "theft" committed by an "employee", whether identified or not, acting alone or in collusion with other persons.
>
> For the purposes of this Insuring Agreement, "theft" shall also include forgery.
>
> ***

Plaintiff's claims are barred, in whole or in part, because the loss(es) claimed by Plaintiff does not fall within the terms and provisions of the "Insuring Agreement" set forth above.

## THIRD AFFIRMATIVE DEFENSE

The Policy provides, in part, as follows:

> **F. Definitions**
>
> ***
>
> **18.** "Other property" means any tangible property other than "money" and "securities" that has intrinsic value. "Other property" does not include "computer programs", "electronic data" or any property specifically excluded under this insurance.

Plaintiff's claims are barred, in whole or in part, because the loss(es) claimed by Plaintiff does not concern damage to "other property" as defined in the Policy and as required for coverage.

**FOURTH AFFIRMATIVE DEFENSE**

The Policy provides, in part, as follows:

> **F. Definitions**
>
> ***
>
> **23.** "Theft" means the unlawful taking of property to the deprivation of the Insured.

Plaintiff's claims are barred, in whole or in part, because the loss(es) claimed by Plaintiff does not concern a loss resulting directly from "theft" by an "employee" as defined in the Policy and as required for coverage.

**FIFTH AFFIRMATIVE DEFENSE**

The Policy provides, in part, as follows:

> **A. Insuring Agreements**
>
> Coverage is provided under the following Insuring Agreements for which a Limit Of Insurance is shown in the Declarations and applies to loss that you sustain resulting directly from an "occurrence" taking place at any time which is "discovered" by you during the Policy Period shown in the Declarations or during the period of time provided in the Extended Period To Discover Loss Condition E.**1.g.:**
>
> ***
>
> **2. Forgery Or Alteration**
>
>    **a.** We will pay for loss resulting directly from "forgery" or alteration of checks, drafts, promissory notes, or similar written promises, orders or directions to pay a sum certain in "money" that are:
>
>       **(1)** Made or drawn by or drawn upon you; or
>
>       **(2)** Made or drawn by one acting as your agent;
>
>    or that are purported to have been so made or drawn.
>
>    For the purposes of this Insuring Agreement, a substitute check as defined in the Check Clearing for the 21st Century Act shall be treated the same as the original it replaced.

> \*\*\*

Plaintiff's claims are barred, in whole or in part, because the loss(es) claimed by Plaintiff does not fall withing the terms and provisions of the "Insuring Agreement" set forth above.

### SIXTH AFFIRMATIVE DEFENSE

The Policy provides, in part, as follows:

> **F. Definitions**
>
> \*\*\*
>
> 11. "Forgery" means the signing of the name of another person or organization with intent to deceive; it does not mean a signature which consists in whole or in part of one's own name signed with or without authority, in any capacity, for any purpose.

Plaintiff's claims are barred, in whole or in part, because they do not concern a loss resulting directly from "forgery" as defined in the Policy and as required for coverage.

### SEVENTH AFFIRMATIVE DEFENSE

The Policy provides, in part, as follows:

> **F. Definitions**
>
> \*\*\*
>
> 5. "Discover" or "discovered" means the time when you first become aware of facts which would cause a reasonable person to assume that a loss of a type covered by this insurance has been or will be incurred, regardless of when the act or acts causing or contributing to such loss occurred, even though the exact amount or details of loss may not then be known.
>
> "Discover" or "discovered" also means the time when you first receive notice of an actual or potential claim in which it is alleged that you are liable to a third party under circumstances which, if true, would constitute a loss under this insurance.

Plaintiff's claims are barred, in whole or in part, where they do not concern a loss directly from an "occurrence" which is "discovered" by the named insured during the period when the Policy was in effect.

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

3062 104517 4892-9232-7063 .v4

## EIGHTH AFFIRMATIVE DEFENSE

The Policy provides, in part, as follows:

> **D. Exclusions**
>
> **1.** This insurance does not cover:
>
>        ***
>
>  **g. Indirect Loss**
>
>  Loss that is an indirect result of an "occurrence" covered by this insurance including, but not limited to, loss resulting from:
>
>  **(1)** Your inability to realize income that you would have realized had there been no loss of or damage to "money", securities" or "other property";
>
>  **(2)** Payment of damages of any type for which you are legally liable. But we will pay compensatory damages arising directly from a loss covered under this insurance; or
>
>  **(3)** Payment of costs, fees or other expenses you incur in establishing either the existence or the amount of loss under this insurance.

Plaintiff's claims are barred, in whole or in part, because the loss(es) claimed by Plaintiff constitutes an indirect loss and is excluded under the Policy.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate, minimize, or avoid damages allegedly sustained, and any recovery against Everest National must therefore be reduced by the amount of damages incurred as a result of that failure.

## TENTH AFFIRMATIVE DEFENSE

The Policy provides, in part, as follows:

> **E. Conditions**
>
>        ***
>
>  **q. Transfer Of Your Rights Of Recovery Against Others To Us**

11

Everest National Insurance Company's Answer

> You must transfer to us all your rights of recovery against any person or organization for any loss you sustained and for which we have paid or settled. You must also do everything necessary to secure those rights and do nothing after loss to impair them.

Plaintiff's claims are barred, in whole or in part, to the extent that Everest National's rights of subrogation or contribution have been impaired.

### ELEVENTH AFFIRMATIVE DEFENSE

At all times material herein, Everest National acted reasonably and in good faith toward the Plaintiff based upon all relevant facts and circumstances known to it at the time, and fully performed all terms, conditions, covenants and promises to be performed pursuant to the Policy, except where such performance was excused, discharged or prevented.

### TWELFTH AFFIRMATIVE DEFENSE

Everest National reserves the right to amend, supplement, alter or change its Answer and affirmative defenses upon revelation of more definitive facts by Plaintiff and/or upon discovery and investigation in this matter.

### PRAYER

WHEREFORE, having fully responded to the subject Amended Complaint, Everest National prays:

1. That Plaintiff take nothing by reason of its Amended Complaint herein;
2. That Plaintiff's Amended Complaint be dismissed with prejudice and that Everest National be awarded judgment against Plaintiff;
3. That Everest National be awarded all of its costs incurred in connection with this action; and

/ / /

/ / /

/ / /

/ / /

/ / /

4. That Everest National be awarded such other and further relief as the Court may deem just and proper.

DATED: December 20, 2023

SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP

By: /s/David A. Astengo
DAVID A. ASTENGO
NEVADA STATE BAR 11045
dastengo@selmanlaw.com
SELMAN LEICHENGER EDSON HSU NEWMAN & MOORE LLP
33 New Montgomery, Suite 1850
San Francisco, Ca 94105-4537
Telephone:     415.979.0400
Attorneys for Defendant,
EVEREST NATIONAL INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that on this 20th day of December, 2023, a true and correct copy of ANSWER OF DEFENDANT EVEREST NATIONAL INSURANCE COMPANY TO PLAINTIFF'S FIRST AMENDED COMPLAINT was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

/s/Shannon Gaffey
SHANNON GAFFEY
An Employee of Selman Leichenger Edson
Hsu Newman Moore LLP